Ney De La Cruz Santoyo
636 Carefree Drive
SanDiego, CA 92114

FILED
08 APR 24 PM 2:24
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEY DE LA CRUZ SANTOYO, Plaintiff, v. FIRST NATIONAL BANK OF ARIZONA, an Arizona Corporation and AVELO MORTGAGE LLC, a Delaware Limited Liability Company, Defendants | CIVIL ACTION NO. '08 CV 0744 J BLM |

## COMPLAINT

Plaintiff, Ney De La Cruz Santoyo, complains as follows against defendants First National Bank of Arizona ("First National") and Avelo Mortgage LLC ("Avelo"), and states as follows:

## JURISDICTION AND VENUE

1.

This is an action under the Truth in Lending Act, 15 U.S.C. 1601 et seq. The Court has jurisdiction under 15 U.S.C. 1640 and 28 U.S.C. 1331 and 1337.This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper because all events in question took place here.

**PARTIES**

2.

Plaintiff is an individual who resides at 636 Carefree Drive, San Diego, California.

3.

First National Bank of Arizona("First National") is an Arizona Corporation doing business in this District.

4.

Avelo Mortgage LLC ("Avelo") is a limited liability company doing business in this District.

5.

At all times material hereto, defendant First National, in the ordinary course of business, regularly extended consumer credit payable by written agreement in more than four installments or for which a finance charge is imposed. As part of this consumer credit transaction, Defendant First National retained a security interest in 636 Carefree Drive, San Diego, California, which is Plaintiff's principal residence.

6.

The security interest was not created to finance the acquisition or initial construction of Plaintiff's home.

**FACTS RELATING TO DE LA CRUZ SANTOYO**

7.

On July 19, 1993, plaintiff, who speaks Spanish, was induced to sign documents which purported to be a valid note and mortgage. This purported mortgage and note and the actions

taken by Defendant First National contain unfair trade practices and predatory lending practices and violates Federal and state law, including the Truth in Lending Act.

8.

On or about November 16, 2006 Plaintiff and Defendant First National attended a purported closing of the subject loan transaction.

9.

First National did not furnish plaintiff with any of the disclosures required by the Truth in Lending Act, 15 U.S.C. 1601 et seq., in connection with this transaction.

**First Cause of Action**

10.

This consumer credit transaction was subject to the Plaintiff's rights under the Truth in Lending Act, 15 U.S.C. 1601.

11.

In the course of this consumer credit transaction, Defendant First National violated the Act by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that:

a. Identified the transaction.

b. Clearly and conspicuously disclosed the security interest in Plaintiff's home.

c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of the Defendant First National's place of business.

e. Clearly and conspicuously disclosed the effects of rescission.

f. Clearly and conspicuously disclosed the date the rescission period expired.

12.

The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

a. By failing to include in the finance charge certain charges imposed by the Defendant First National payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. 1605 and Regulation Z 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. 1638(a)(3) and Regulation Z 226.18(d). Such amounts include, but are not limited to:

b. The broker fee.

c. The credit report fee.

d. The recording fees in excess of the actual recording fee.

e. The Settlement/Closing fee.

f. By improperly including certain charges, in the amount financed, which are finance charges, including but not limited to those itemized in Paragraph 13 herein, the Defendant First National improperly disclosed the amount financed in violation of 15 U.S.C. 1638 (a)(2) and Regulation Z, 226.18(b) and

g. By calculating the annual percentage rate based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. 16.06, Regulation Z 226.22, the Defendant First National understated the disclosed annual percentage

rate in violation of 15 U.S.C. 1638 (a)(4) and Regulation Z, 226.18(c).

13.

The disclosures improperly made by Defendant First National, as itemized in paragraph 12 are material disclosures as defined in the Truth in Lending Act, 15 U.S.C. 1602 (u), Regulation 226.23 n. 48.

14.

The finance charge and APR were under disclosed by more than the tolerance levels set forth in 15 U.S.C. 1605.

## SECOND CAUSE OF ACTION

15.

All of the violations of the Truth in Lending Act complained of above and all claims of Plaintiff against Defendant First National were known, either by actual or constructive knowledge, by Defendant Avelo, and as Such, Defendant Avelo took any alleged interest in the subject property subject to all claims of Plaintiff herein.

16.

Based upon the foregoing knowledge, Defendant Avelo is not a bona fide purchaser for value without notice in that said Defendant knew, or should have known, of the violations of the Truth in Lending Act at the time said Defendant acquired its alleged interest in the property.

17.

As the subject note and mortgage transaction are subject to rescission, upon the determination of the court that rescission is the appropriate remedy, no valid mortgage existed to support the subsequent transfer or sale of the property at the alleged foreclosure sale and said

sale should be determined to be null and void.

18.

Based upon the foregoing, this Court should enter a Declaratory Judgment to declare and determine the rights of the respective parties in the subject matter property.

Prayer for Relief

Plaintiff prays for the following relief:

19.

Rescission of the entire mortgage and note amounting to clear title to the property with fixtures as a result of the aforementioned violations, and

20.

As a result of Defendant First National's violations, Defendant are liable to Plaintiff for actual and statutory damages for violation of the Truth in Lending Act, and

21.

Declaratory Judgment to declare the rights of the respective parties in and to the subject property.

22.

Cost of litigation as provided in Title 15 United States Code, Section 1601, et seq, and

23.

Such other and further relief as the Court deems equitable, appropriate and just.

VERIFICATION

I, Ney De La Cruz Santoyo, having read the foregoing complaint, says under Penalty of perjury, that the foregoing facts and allegations are true and correct.

Ney De La Cruz Santoyo 4/24/08

Ney De La Cruz Santoyo Date
636 Carefree Drive
San Diego, CA 92114

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to First National Bank of Arizona, Defendant, at 8911 Balboa Avenue, San Diego, CA 92123 and to Avelo Mortgage LLC, at 250 John W. Carpenter Freeway, Suite 300, Irving, TX 75039 this 24th, day of April, 2008.

4/24/08

Ney De La Cruz Santoyo
Plaintiff, pro se
636 Carefree Drive
San Diego, CA 92114

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

NEY DE LA CRUZ SANTOYO

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

NEY DE LA CRUZ SANTOYO, 636 carefree Dr. San Diego, CA 92114, 619-634-6263

**DEFENDANTS**

FIRST NATIONAL BANK OF ARIZONA, AVELO MORTGAGE LLC

FILED 08 APR 24 PM 2:18 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY: DEPUTY

County of Residence of First Listed Defendant ARIZONA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) '08 CV 0744 J BLM

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☒ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 15 USC 1601 et seq.

Brief description of cause: TRUTH IN LENDING VIOLATIONS

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 04/24/2008

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 150157 AMOUNT 350— APPLYING IFP JUDGE MAG. JUDGE

WB 04/24/08

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150157 - MB

April 24, 2008
14:17:26

Civ Fil Non-Pris
USAO #.: 08CV0744
Judge..: BARBARA L MAJOR
Amount.: $350.00 CA

Total-> $350.00

FROM: NEY DE LA CRUZ SANTOYO
VS FIRST NATIONAL BANK OF AZ