Ney De La Cruz Santoyo
636 Carefree Drive
San Diego, CA 92114

FILED
APR 24 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Ney De La Cruz Santoyo,

Plaintiff

Vs.

First National Bank of Arizona, An Arizona Corporation, and Avelo Mortgage, LLC, a Limited Liability Company,

Defendants.

Civil Action No.
'08 CV 0744 J BLM

**PETITION FOR EX PARTE TEMPORARY RESTRAINING ORDER**

COMES NOW the Plaintiff, Ney De La Cruz Santoyo, pro se and petitions this Honorable Court for the entry of an ex parte temporary restraining Order/Preliminary Injunction, to enjoin and stay a Writ of Possession issued to remove the Plaintiff from her Home, and as grounds therefore would state as follows:

1.

Plaintiff has filed an action for violations of the Truth in Lending Act and for damages and rescission of the mortgage loan transaction.

2.

As set forth more fully in Plaintiff's complaint, Defendants First National and Avelo are responsible for the violations of state and federal laws which occurred in the course of the loan transaction with Plaintiff. These violation include the Truth in Lending Act, 15 USC 1601 et seq, which allows Plaintiff to rescind the transaction which created

the mortgage that is the subject of the above-captioned action. Rescission of this consumer loan transaction automatically voids the mortgage held by Defendant First National, which in turns invalidates the foreclosure and Defendant Avelo's title to the property which is the subject matter of this suit.

3.

Application of the rescission formula means that Plaintiff was not validly in default and that the subsequent foreclosure proceeding was wrongful and Plaintiff did not owe Defendant on the invalid note and mortgage.

4.

The Truth in Lending Act strips the interest and other charges from the loan when rescission occurs. This means that the Defendant First National cannot collect interest. It cannot also collect any closing costs or brokers fees, points or origination fees.

5.

A temporary restraining order is appropriate in that:

a. Plaintiff is likely to succeed o the merits of her claim.

b. Unless the conduct of defendants First National and Avelo is enjoined and Plaintiff granted her requested relief, plaintiff will be irreparable injured in that she will lose her home, potentially becoming homeless and her home will be owned by Defendant Avelo without a proper adjudication of Plaintiff's claims in this lawsuit and in violation of both federal and state law.

c. If Defendant Avelo is not enjoined from having the Writ of Possession executed, greater injury will be inflicted upon Plaintiff in the loss of

her home and possession thereof than upon defendants.

d. The public interest will be served by allowing plaintiff to remain in her home preventing her from potentially becoming homeless, along with her dependent children.

6.

Because the Writ of Possession is due to be executed on Monday, April 28, 2008, there is not sufficient time to effect service of this motion on Defendants or schedule a hearing prior to the execution of the Writ of Possession.

7.

The bond requirements of F.R.C.P. 65 (c) should be waived because of Plaintiff's financial inability to provide a bond of any kind o type.

8.

The factual and legal basis in support of Plaintiff's request herein are further set forth in the Plaintiff's affidavit in support of her Motion for Temporary Restraining Order.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court issue a Temporary Restraining Order enjoining the Defendants from pursuing execution of the Writ of Possession scheduled to be executed on Monday, April 28, 2008, and for such other and further relief as the Court deems equitable, appropriate and just.

Ney De La Cruz Santoyo 4/24/08

Ney De La Cruz Santoyo
636 Carefree Drive
San Diego, CA 92114

Date