# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEY DE LA CRUZ SANTOYO,<br>Plaintiff,<br>vs.<br>FIRST NATIONAL BANK OF ARIZONA, an Arizona Corporation and AVELO MORTGAGE LLC, a Delaware Limited Liability Company,<br>Defendants. | CASE NO. 08CV0744-LAB (BLM)<br>**ORDER DENYING PETITION FOR TEMPORARY RESTRAINING ORDER; AND**<br>**ORDER TO SHOW CAUSE RE: JURISDICTION OR ABSTENTION** |

Plaintiff, a former homeowner now facing eviction, filed a complaint and a petition for temporary restraining order ("TRO") on April 24, 2008. The TRO petition ("TRO Petition") was not entered in the docket, however, until April 28, 2008. Following recusal by U.S. District Judge Napoleon Jones, this case and the issue of the TRO were assigned to U.S. District Judge Larry Burns. The complaint was verified, but the TRO Petition was not.

Ordinarily before issuing a TRO, the Court will hold a hearing, although rarely a TRO may be issued without notice to the adverse party. *See* Fed. R. Civ. P. 65(b)(1). For reasons discussed below, however, the TRO petition is being denied on the pleadings, and no hearing or argument is required. *See* Civil Local Rule 7.1(d)(1) ("A judge may, in the judge's discretion, decide a motion without oral argument.") *See also American Soccer Co., Inc. v. Score First Enterprises*, 187 F.3d 1108, 1109 (9th Cir. 1999) (noting district court's

denial of TRO without a hearing); *Envtl. Coalition of Ojai v. Brown*, 72 F.3d 1411, 1414 (9th Cir. 1995) (same); *Bradley v. Pittsburgh Board of Educ.*, 910 F.2d 1172, 1175–76 (3d Cir. 1990) (explaining a motion for preliminary injunctive relief may be denied without a hearing where the moving papers fall short of the required standard).

Plaintiff seeks relief under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq*. Her complaint alleges she borrowed money from Defendant First National Bank of Arizona ("First National") using her home as security. Plaintiff alleges on July 19, 1993 she "was induced to sign documents which purported to be a valid note and mortgage." (Complaint at 2:22–23.) She alleges none of the disclosures required under the Truth in Lending Act were provided, and that First National failed to deliver two copies of a notice of right to rescind. (*Id.*, ¶ 11.) She also alleges First National failed to make certain disclosures of charges as required under the Truth in Lending Act's Regulation Z. In essence, Plaintiff is asking this Court to invalidate the foreclosure, restore title in her property to her (TRO Petition at 2:1–5.) In the short term, she is asking the Court to enjoin execution of the writ of possession, which would effectively result in her eviction from her residence, to which she does not presently hold title.

Plaintiff alleges she speaks Spanish (TRO Petition at 2:22–23), but does not allege she did not or does not also speak English. Plaintiff alleges she has dependent children and the TRO is necessary to prevent her and them "from potentially becoming homeless." (*Id.* at 3:3–4.)

Plaintiff alleged in her TRO Petition that "[b]ecause the Writ of Possession is due to be executed on Monday, April 28, 2008, "there is not sufficient time to effect service of this motion on Defendants or schedule a hearing prior to the execution of the Writ of Possession." Plaintiff filed no proof of service of her TRO Petition,[1] nor did she provide any explanation of her attempts to serve Defendants or give them notice in any other way. The TRO Petition therefore lacks the certification required under Fed. R. Civ. P. 65(b)(1)(B).

[1] Plaintiff did, however, file proofs of service of the summonses in this case, showing service by certified mail on Defendants, with annotations that the summonses had been faxed to Defendants.

Plaintiff did not provide a copy of the mortgage document or any other disclosures made by Defendants, nor did she provide any information at all about the foreclosure proceedings, such as whether these same issues were previously litigated or whether proceedings were ongoing. A review of public records shows the property at issue was scheduled to be sold at auction on November 11, 2007.

The buyer appears to have been Defendant Avelo Mortgage, LLC ("Avelo"). (Complaint, ¶¶ 15, 16.) Plaintiff alleges, without providing any further information, that Avelo, whose relationship to First National is not alleged, knew of the Truth in Lending Act violations. Plaintiff alleges Avelo had either "actual or constructive knowledge" of these violations because Avelo "knew, or should have known, of the violations of the Truth in Lending Act at the time [Avelo] acquired its alleged interest in the property." (*Id.*) She therefore alleges Avelo took its interest subject to her claims. (*Id.*, ¶ 15.)

Plaintiff has asked the court to issue an *ex parte* TRO. As noted, she has failed to comply with Rule 65(b)(1)(B)'s certification requirement. Nor does she satisfy Rule 65(b)(1)(A)'s requirement that she "clearly" show by specific facts in an affidavit or verified complaint "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

At most, Plaintiff has shown she and her children will be required to move out of her home and find another place to stay until Defendants can be heard in opposition, which would be no more than a few days. While the Court does not minimize the difficulty to the evicted parties, evictions do not necessarily result in irreparable harm. Because the property has apparently already been sold to Avelo, and there is no allegation Avelo is about to resell the property or that Plaintiff will be unable to find suitable housing, the Court cannot conclude irreparable harm will occur. *See Walker v. Pierce*, 665 F. Supp. 831 at 843 (finding irreparable harm would result homeowners' residences were sold at mortgage sale because compelling reconveyance of properties sold by H.U.D. would be "difficult, if not impossible"); *Garrett v. City of Escondido*, 465 F. Supp.2d 1043, 1052 (S.D.Cal. 2006) (finding plaintiffs threatened with eviction had shown irreparable harm where housing availability in the area

was limited and as a result their children would be unable to attend school). Plaintiff might be able to establish irreparable injury, but not on the facts provided in her verified complaint. More importantly, she has not shown why irreparable injury would occur if Defendants are given an opportunity to be heard before issuance of the TRO. The circumstances under which *ex parte* TROs may be issued are few, *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006), and are simply not present here.

Even if Defendants were given adequate notice and an opportunity to appear at a hearing, Plaintiff has not shown why a TRO should issue at all. In order to obtain a TRO, the moving party must demonstrate either "(1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in [the plaintiff's] favor." *Am. Tunaboat Ass'n v. Brown*, 67 F.3d 1404, 1411 (9th Cir. 1995) (alterations in original; further citation omitted). *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted). The purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. *Reno,* 452 F.3d at 1131.

Foremost among the problems Plaintiff faces is that it appears the Court lacks jurisdiction over her claims. As the party invoking the Court's jurisdiction, Plaintiff bears the burden of showing the Court has legal power to act in this case. *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994) (further citation omitted). Although Plaintiff has alleged a federal cause of action, her property has been (and apparently still is) the subject of proceedings in another court, possibly San Diego County Superior Court. Plaintiff could have — and in fact may have — raised these claims as defenses in that action. If she did, and if the state court has already rejected her arguments, she would in essence be asking this Court to review the judgment of a state court. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Plaintiff has not explained why this Court has jurisdiction to hear her case.

Even if this Court has jurisdiction over her claim, it is likely the Court would abstain from deciding it until state court proceedings are concluded, under the doctrines of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) or *Younger v. Harris*, 401 U.S. 37 (1971) (extended to certain civil actions by *Middlesex County Ethics Committee v. Garden*, 457 U.S. 423 (1982)). *See Novak v. Washington Mut. Bank, FA*, 2008 WL 423511, slip op. at *2 (N.D.Ohio, Feb. 14, 2008) (holding because foreclosure matters were "of paramount state interest,"*Younger* abstention was required when foreclosure proceedings were pending in state court). *Cf. Rowland v. Novus Fin'l Corp.*, 949 F. Supp. 1447, 1456 (D. Haw. 1996) (holding that *Younger* abstention was inappropriate in federal Truth in Lending Act action in spite of underlying state court foreclosure action, where federal action did not call state action into question). Here, however, the relief Plaintiff seeks would completely invalidate any foreclosure. Because Plaintiff has failed to provide information about foreclosure proceedings in other courts, the Court cannot evaluate the propriety of such an abstention. Plaintiff will therefore be ordered to brief the abstention and jurisdictional issues fully.

Even if this Court were to reach the merits, Plaintiff has not shown any substantial likelihood of prevailing. If these issues were, or could have been, litigated in state court, Defendants may raise the defense of estoppel. Furthermore, Plaintiff is incorrect in arguing a mortgage agreement is automatically void if the required disclosures are not given. Under 15 U.S.C. § 1635 and 12 C.F.R. § 226.33, obligors have the right to rescind mortgage agreements under certain conditions, but rescission is not automatic. Because the mortgage was executed in 1993, the limitations period for the relief Plaintiff seeks (*i.e.*, rescission of the mortgage agreement) appears to be long past. *See, e.g.*, 15 U.S.C. § 1635(f), 12 C.F.R. § 226.33(f) (providing that right of rescission under Truth in Lending Act expires three years after the transaction at issue even if information, forms, and disclosures have not been provided as required). The three-year limitations period is a limitation on claims, not an affirmative defense. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998).

/ / /

Finally, the Court must be mindful of equitable considerations in deciding whether to issue a TRO. *Apache Survival Coalition v. United States*, 118 F.3d 663, 665 (9th Cir. 1997) (affirming district court's denial of TRO on the basis of the equitable doctrine of laches). In this case, Plaintiff waited until nearly the last possible moment before seeking relief. She offers no explanation for her delay. She now asks that because of the lateness of the hour the Court grant her a TRO without granting Defendants an opportunity to prepare for or participate in a hearing on this issue. Granting the *ex parte* TRO Petition under these circumstances would unfairly prejudice Defendants. For this reason as well, the TRO will be denied.

Plaintiff's TRO Petition is therefore **DENIED WITHOUT PREJUDICE**. If Plaintiff again seeks preliminary injunctive relief, she is directed to review Fed. R. Civ. P. 65 and to comply with its requirements. Plaintiff must state what actions relating to the ownership of property at issue here are now pending. She must also identify any already-adjudicated actions relating to ownership of this property to which she has been a party.

Because it appears parallel actions are pending, or have been adjudicated in state court, Plaintiff is **ORDERED TO SHOW CAUSE** why the *Rooker-Feldman* doctrine does not deprive this Court of jurisdiction, and why neither *Colorado River* abstention nor *Younger* abstention is appropriate. If Plaintiff again seeks preliminary injunctive relief she may show cause by briefing these issues as part of her motion for preliminary injunctive relief. Otherwise, she shall file a memorandum of points and authorities no longer than ten pages, not counting any exhibits, no later than **30 calendar days from the date this order is issued**. **If Plaintiff fails to show cause as ordered within the time permitted, this action will be dismissed without prejudice without further notice to Plaintiff.**

**IT IS SO ORDERED**.

DATED: April 30, 2008

Larry A. Burns

HONORABLE LARRY ALAN BURNS
United States District Judge